# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

MCGARRETT L. JOHN,

        Plaintiff,

  v.

SUPERIOR STATE COURTS, et al.,

        Defendants.

Case No. 4:25-cv-00052-SLG

## SCREENING ORDER

On October 29, 2026, self-represented prisoner McGarrett L. John ("Plaintiff") filed a civil complaint, a one-page handwritten narrative, a request for exemption from the payment of the filing fee on a state court form, and a financial affidavit.[1] Plaintiff is housed at the Fairbanks Correctional Center in the custody of the Alaska Department of Corrections ("DOC") as a pretrial detainee.[2]

Plaintiff's Complaint names the Alaska Superior State Courts, the District Attorney's Office, and the Alaska State Troopers as Defendants.[3] The Complaint alleges only that on August 29, 2024, the Alaska State Troopers "acted bias in their profession" without any factual details.[4] For relief, Plaintiff seeks $750,000 in

---

[1] Dockets 1-2.

[2] Docket 1 at 4.

[3] Docket 1 at 1-3.

[4] Docket 1 at 4. A review of the public records of the Alaska State Court indicates that Mr. John was arrested on several counts of sexual abuse of a minor on August 30, 2024 in Fairbanks Superior Court case 4FA-24-01328CR. The case remains open and Mr. John is a pretrial detainee.

damages and an order requiring all state officials to follow the United States Constitution.[5]

The attached narrative is not signed and appears to be written in handwriting different from that of the Complaint.[6] In addition, the narrative begins with the statement, "I myself, ____, and along with many others here at Fairbanks Correctional Center…," and the space designated for a name is left blank. The narrative also fails to allege an injury affecting Plaintiff personally that can be fairly traced to an alleged action or inaction of any individual defendant.

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, the Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** from the date of this order to file an amended complaint that attempts to correct the deficiencies identified in this order. Alternatively, Plaintiff may file a notice of voluntary dismissal in which he elects to close this case.

### I. This action is deficient because Plaintiff did not include a fully completed Application to Waive Prepayment of the Filing Fee on the Court's form or a statement from his prison trust account for the past six months

To properly commence a civil action, a prisoner litigant must file a complaint, a civil cover sheet, and either pay the filing fee of $405.00, or file a completed

---

[5] Docket 1 at 5.

[6] *Compare* Docket 1

application to waive prepayment of the filing fee on the District of Alaska's Form PS10.[7] Prisoner litigants must also include a statement from their prison trust account for the past six months.[8] Federal law only allows prisoners to waive *prepayment* of the fees associated with civil lawsuits.[9] Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[10]

Plaintiff's motion to waive the filing fee at **Docket 2 is DENIED** because it is not on the proper form and does not include the prisoner trust account statement. If Plaintiff elects to proceed with this case, then on or before the date an amended complaint is filed, Plaintiff must also file a fully completed and signed Prisoner Application to Waive Prepayment of the Filing Fee on District of Alaska Form PS10 and attach a copy of the statement for the last six months of Plaintiff's prisoner trust account. Alternatively, Plaintiff may pay the $350 filing fee and the $55 administrative fee, a total of $405, at this time.

## II. Plaintiff can only bring claims that affect him personally

To the extent Plaintiff seeks to bring claims on behalf of other prisoners, a non-attorney self-represented litigant has "no authority to appear as an attorney for others than himself."[11] While a court may permit self-represented prisoners to

---

[7] Local Civil Rule 3.1.

[8] Local Civil Rule 3.1(c)(3).

[9] 28 U.S.C. § 1915(a)-(b).

[10] 28 U.S.C. § 1915(b)(1)&(2).

[11] *See Simon v. Hartford Life, Inc.,* 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative

Case No. 4:25-cv-00052-SLG, *John v. Superior State Courts 4th District, et al.*
Screening Order
Page 3 of 17
Case 4:25-cv-00052-SLG   Document 5   Filed 02/23/26   Page 3 of 17

join together as plaintiffs in a lawsuit, "each prisoner proceeding IFP in a multi-prisoner lawsuit [must] pay the full amount of a filing fee."[12] By way of example, in a lawsuit brought by three prisoners, each prisoner would be assessed the filing fee of $350, for a total filing fee of $1,050.

The Court is aware that many prisoners rely on jailhouse "lawyers". However, Plaintiff is responsible for the pleadings which he submits to the Court, whether prepared by a licensed attorney, a jailhouse lawyer, or himself. Under Rule 11 of the Federal Rules of Civil Procedure, when a party, including one who is self-represented, files a pleading, written motion, and other paper with the Court, he certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances. . . the legal contentions are warranted by existing law or nonfrivolous argument" and "the factual contentions have evidentiary support."[13]

### III. Screening Requirement

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or

---

capacity); *Cato v. United States,* 70 F.3d 1103, 1105 n.1 (9th Cir. 1995) (non-attorney party may not represent other plaintiffs).

[12] *Johnson v. High Desert State Prison*, 127 F.4th 123, 132 (9th Cir. 2025) (internal quotations omitted); *see also* 28 U.S.C. § 1915(b)(1).

[13] Fed. R. Civ. P. 11(b)(2, 3).

Case No. 4:25-cv-00052-SLG, *John v. Superior State Courts 4th District, et al.*
Screening Order
Page 4 of 17
Case 4:25-cv-00052-SLG   Document 5   Filed 02/23/26   Page 4 of 17

officer or employee of a governmental entity.[14] In this screening, a district court shall dismiss the complaint at any time if the court determines that the complaint:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks relief against a defendant who is immune from such relief.[15]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the self-represented plaintiff, and resolve all doubts in the plaintiff's favor.[16] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[17] Although generally, the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[18] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[19]

---

[14] 28 U.S.C. §§ 1915, 1915A.

[15] 28 U.S.C. § 1915(e)(2)(B).

[16] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[17] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[18] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[19] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by

Case No. 4:25-cv-00052-SLG, *John v. Superior State Courts 4th District, et al.*
Screening Order
Page 5 of 17
Case 4:25-cv-00052-SLG   Document 5   Filed 02/23/26   Page 5 of 17

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[20] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[21]

### IV. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[22] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[23] Although a federal court must construe complaints filed by self-represented plaintiffs filings liberally, a court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim.[24] A complaint must allege that the plaintiff suffered

---

including . . . details contrary to his claims").

[20] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[21] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[22] Fed. R. Civ. P. 8(a)(2).

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[24] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Case No. 4:25-cv-00052-SLG, *John v. Superior State Courts 4th District, et al.*
Screening Order
Page 6 of 17
Case 4:25-cv-00052-SLG   Document 5   Filed 02/23/26   Page 6 of 17

a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[25]

### V. Claims against the Superior State Courts are DISMISSED

The Eleventh Amendment to the U.S. Constitution protects states and state instrumentalities—the "arms of the state" such as the State court system—from being sued in federal court unless the state has waived its immunity.[26] The State of Alaska has not waived its immunity for civil rights claims alleging violations of the federal Constitution in federal court.

The Superior State Courts within the Alaska Court System, a judicial "arm" of the State of Alaska, cannot be sued in federal court.[27] The only individuals who could be named in place of the Superior State Courts are judges and court personnel acting within the scope of their official duties, all of whom are absolutely immune from suit in federal court.[28] Because amendment would be futile, Plaintiff's claims against the Superior State Courts are dismissed without leave to amend.[29]

---

[25] *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

[26] *Doe v. Regents of the Univ. of Calif.*, 891 F.3d 1147, 1153 (9th Cir. 2018); *Alabama v. Pugh,* 348 U.S. 781 (1978).

[27] *Greater L.A. Council on Deafness, Inc. v. Zolin,* 812 F.2d 1103, 1110 (9th Cir.1987) (holding that state courts are arms of the state for Eleventh Amendment purposes).

[28] *Simmons v. Sacramento County Superior Court,* 318 F. d 1156, 1161 (9th Cir. 2003) ("[A] judge is absolutely immune for judicial acts."). *See also Mullis v. U.S. Bankruptcy Court for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.").

[29] *Huffman v. Lindgren,* 81 F.4th 1016 (9th Cir. 2023) (affirming dismissal without leave

Case No. 4:25-cv-00052-SLG, *John v. Superior State Courts 4th District, et al.*
Screening Order
Page 7 of 17
Case 4:25-cv-00052-SLG   Document 5   Filed 02/23/26   Page 7 of 17

## VI. Plaintiff's remaining claims

Plaintiff claims that the Alaska State Troopers are "biased" and appears to claim that the district attorneys routinely "overcharge" defendants at the outset of a case and later reduce the charges in connection with plea negotiations. Although state troopers or other law enforcement officers may conduct an arrest or issue a citation, the decision regarding what formal charges to file rests with the prosecutor. To the extent Plaintiff suggests that prosecutors may not file charges lacking probable cause or may not deliberately inflate charges for improper purposes, that is correct. However, the mere fact that charges are later reduced as part of a negotiated plea agreement does not, standing alone, establish misconduct. Plea bargaining is a long-recognized and lawful component of the criminal justice system, and it is common practice for prosecutors to agree to lesser charges or sentencing recommendations in exchange for a defendant's guilty plea.

Additionally, acts undertaken by a prosecutor "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State," are entitled to the protections of absolute immunity.[30] "To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the

---

to amend based on judicial immunity).

[30] *Kalina v. Fletcher*, 522 U.S. 118 (1997) (quoting *Buckley v. Fitzsimmons,* 509 U.S. 259, 273 (1993)).

Case No. 4:25-cv-00052-SLG, *John v. Superior State Courts 4th District, et al.*
Screening Order
Page 8 of 17
Case 4:25-cv-00052-SLG    Document 5    Filed 02/23/26    Page 8 of 17

broader public interest."[31] Absent plausible allegations that specific evidence was fabricated or falsified *before* the prosecution was initiated, Plaintiff cannot state a viable malicious prosecution claim against a state prosecutor.[32]

Further, federal courts are limited in when they may intervene in state criminal cases, whether those cases are ongoing or already concluded. This limitation arises from fundamental principles of federalism and comity—the recognition that the enforcement of state criminal laws is the responsibility of the state courts, not the federal judiciary. Specifically, the *Younger* abstention doctrine prohibits a federal court from interfering with ongoing state court proceedings absent extraordinary circumstances;[33] the *Rooker–Feldman* doctrine bars claims that would require a federal court to review and invalidate a state court decision;[34] and the *Heck* doctrine bars claims that necessarily imply the invalidity of a state court conviction or sentence, unless that conviction or sentence has already been invalidated through direct appeal, executive order, a state tribunal, or federal

---

[31] *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). *See also McCarthy v. Mayo,* 827 F.2d 1310, 1315 (9th Cir.1987) ("The intent of the prosecutor when performing prosecutorial acts plays no role in the immunity inquiry.").

[32] *Buckley v. Fitzsimmons,* 509 U.S. at 262–63 (denying absolute immunity to prosecutors who were sued for fabricating evidence "during the early stages of the investigation" where "police officers and assistant prosecutors were performing essentially the same investigatory functions.").

[33] *Younger v. Harris*, 401 U.S. 37 (1971).

[34] *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923).

Case No. 4:25-cv-00052-SLG, *John v. Superior State Courts 4th District, et al.*
Screening Order
Page 9 of 17
Case 4:25-cv-00052-SLG   Document 5   Filed 02/23/26   Page 9 of 17

habeas relief.[35] Similarly, under the federal full faith and credit statute,[36] a federal court must give a state court judgment the same preclusive effect as the state court judgment would receive by another court of that state.[37]

Here, Plaintiff has not pleaded sufficient facts that, accepted as true, state a plausible claim against an individual state trooper or a state prosecutor. Absent specific factual allegations that charges were fabricated, unsupported by probable cause, or pursued for a malicious or unconstitutional purpose, Plaintiff fails to state a claim. Although amendment is likely futile, the Court grants Plaintiff leave to file an amended complaint to attempt to state a viable claim against one or more state troopers or state prosecutors.

### VII. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[38] Plaintiff is being given an opportunity to file an amended complaint in this action, but an amended complaint must not expand the scope of the case by alleging new

---

[35] *Heck v. Humphrey,* 512 U.S. 477 (1994).

[36] 28 U.S.C. § 1738.

[37] *See* 28 U.S.C. § 1738; *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) ("28 U.S.C. § 1738 generally requires federal courts to give state court judgments the same *res judicata* effect that they would be given by another court of that state."); *Bianchi v. Rylaarsdam,* 334 F.3d 895, 901 (9th Cir. 2003) (quotations and citation omitted) ("If the injury alleged is distinct from [the state court's] judgment, *i.e.*, the party maintains an injury apart from the loss in state court and not 'inextricably intertwined' with the state judgment, ... *res judicata* may apply, but *Rooker–Feldman* does not.").

[38] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

Case No. 4:25-cv-00052-SLG, *John v. Superior State Courts 4th District, et al.*
Screening Order
Page 10 of 17
Case 4:25-cv-00052-SLG    Document 5    Filed 02/23/26    Page 10 of 17

unrelated parties or claims. Unrelated claims involving different defendants must be brought in separate lawsuits.

An amended complaint must contain separately numbered, clearly identified allegations. If handwritten, it must be legible. The amended complaint should identify the specific injury that the plaintiff is alleging was caused by the defendant, when that injury occurred, and where that injury occurred. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the complaint.[39] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff files an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether that claim may proceed to the next stage of litigation. Should the amended complaint proceed beyond the screening stage, the Court will order service of that complaint; Plaintiff must not attempt to serve a defendant until the Court so orders. The Court will also enter an order to collect the $350 filing fee from Plainitff's prisoner trust account, regardless of the outcome of the case.

---

[39] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 4:25-cv-00052-SLG, *John v. Superior State Courts 4th District, et al.*
Screening Order
Page 11 of 17
Case 4:25-cv-00052-SLG    Document 5    Filed 02/23/26    Page 11 of 17

## VIII. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"[40] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[41] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under imminent danger of serious physical injury, and that danger must fairly traceable to the unlawful conduct of the defendants alleged in the complaint and redressable by the Court.[42] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[43] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[44]

## IX. Plaintiff's filing at Docket 3

At Docket 3, Plaintiff filed a "Financial Statement" on a state court form

---

[40] 28 U.S.C. § 1915(g).

[41] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[42] 28 U.S.C. § 1915(g); *see also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[43] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007).

[44] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 4:25-cv-00052-SLG, *John v. Superior State Courts 4th District, et al.*
Screening Order
Page 12 of 17
Case 4:25-cv-00052-SLG    Document 5    Filed 02/23/26    Page 12 of 17

seemingly in support of his "appointment of counsel" and "filing fee exemption" requests. As explained above, Plaintiff's request to proceed without prepaying the filing fee is denied without prejudice to refiling a properly completed request. Plaintiff has not filed a proper motion for court-appointed counsel. But liberally construing the filing as a request for court-appointed counsel, Plaintiff's motion at **Docket 3 is DENIED.**

There is no constitutional right to appointed counsel in a civil action.[45] A federal court "may request an attorney to represent any person unable to afford counsel."[46] However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary and granted only in exceptional circumstances.[47] When determining whether "exceptional circumstances" exist, a court must consider the plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims in light of the complexity of the legal issues involved.[48]

The Court finds that, on the current record, Plaintiff has not demonstrated a likelihood of success on the merits. Further, although 28 U.S.C. § 1915(e)(1)

---

[45] See Turner v. Rogers, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[46] 28 U.S.C. § 1915(e)(1).

[47] Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir.1980).

[48] Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).

Case No. 4:25-cv-00052-SLG, *John v. Superior State Courts 4th District, et al.*
Screening Order
Page 13 of 17
Case 4:25-cv-00052-SLG     Document 5     Filed 02/23/26     Page 13 of 17

permits a court to request a volunteer attorney, this Court currently has no list of volunteer attorneys from which it may request counsel to represent Plaintiff.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED** for failure to state a claim.

2. Plaintiff's claims against the Superior State Courts are **DISMISSED with prejudice** and must not be included in an amended complaint.

3. Plaintiff's motion to proceed without prepaying the filing fee at **Docket 2 is DENIED.**

4. Plaintiff's motion for court-appointed counsel at **Docket 3 is DENIED without prejudice.**

5. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case and not further pursue this case.

6. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form **within 60 days of the date of this order**, this case shall be dismissed for failure to state a claim without further notice to

Case No. 4:25-cv-00052-SLG, *John v. Superior State Courts 4th District, et al.*
Screening Order
Page 14 of 17
Case 4:25-cv-00052-SLG   Document 5   Filed 02/23/26   Page 14 of 17

Plaintiff.

7. If this case is dismissed for failure to state a claim, it will count as a "strike" under 28 U.S.C. § 1915(g), which may limit Plaintiff's ability to bring future civil rights cases in federal court. A Notice of Voluntary Dismissal does not count as a strike.[49]

8. Should Plaintiff elect to proceed with this case, he must either pay the filing fee and administrative fee, a total of $405.00, or file a completed and signed prisoner application to waive payment of the filing fee on Form PS10 **on or before the date the amended complaint is filed**. The application must include an attached statement from Plaintiff's prison trust account for the six months preceding the filing of the application.

9. Federal law only allows the Court to waive a prisoner's *prepayment* of the filing fee. Prisoners must pay the $350 filing fee incrementally until paid in full, regardless of the outcome of the action.[50] Should Plaintiff file an amended complaint, the Court will issue a separate order for the collection of the $350 filing fee directly from Plaintiff's prisoner trust account, regardless of the outcome of this case.

10. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his

---

[49] *Spencer v. Barajas,* 140 F.4th 1061 (9th Cir. 2025).

[50] 28 U.S.C. § 1915(b)(1)&(2).

Case No. 4:25-cv-00052-SLG, *John v. Superior State Courts 4th District, et al.*
Screening Order
Page 15 of 17
Case 4:25-cv-00052-SLG   Document 5   Filed 02/23/26   Page 15 of 17

release, either (1) pay the unpaid balance of the filing fee and administrative fee, a total of $405.00, or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[51]  Failure to comply may result in dismissal of this action.

11. Self-represented litigants must review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[52]  Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

12. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[53] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If Plaintiff fails to keep a current address on file with the Court,

---

[51] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[52] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[53] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 4:25-cv-00052-SLG, *John v. Superior State Courts 4th District, et al.*
Screening Order
Page 16 of 17
Case 4:25-cv-00052-SLG   Document 5   Filed 02/23/26   Page 16 of 17

that may result in a dismissal of the case without further notice to Plaintiff.

13. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send the Court important original documents or documents that cannot be replaced.[54]

14. With this order, the Clerk is directed to send: (1) Form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) Form PS10, Prisoner's application to waive prepayment of the filing fee; (3) Form PS09, Notice of Voluntary Dismissal; and (4) Form PS23, Notice of Change of Address.

DATED this 23rd day of February, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[54] If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

Case No. 4:25-cv-00052-SLG, *John v. Superior State Courts 4th District, et al.*
Screening Order
Page 17 of 17
Case 4:25-cv-00052-SLG    Document 5    Filed 02/23/26    Page 17 of 17